Judge Graham
delivered the opinion of the Court.
The complainant alleges in his bill that he recovered a judgment in the Fayette Circuit Court against the administrator de bonis non of the estate of Simeon H. Anderson, deceased, that execution had issued to Boyle county, where the defendant resides, and has been returned, “no property found;” that the judgment was recovered on a contract and liability of said Anderson, *342 dec’d; that ample estate came to the hands of the administrator to pay the debts of the intestate, all of which have been paid but his, and that a large number of slaves of the intestate have been distributed among his heirs. That a tract of land belonging to said heirs, and to them descended from their ancestor has lately been sold to Hart, who yet owes the said heirs more than enough to pay his debt, and that Hart’s note is payable to Owsley and others, who acted as Commissioner in malting the sale.
■Wliere the want .of jurisdiction .does not appear .upon the bill, it must be shown io the Court by-plea; and answer ing to the merits is a waiver of any objection to ¿he jurisdiction.
Copies of pa? pers not exhibited in the pleadings, nor otherwise appearing to have been used in a chancery cause, constitute no part of the record.
The bill does not state that any of the defendants except Boyle, live or reside out of the County of Fayette, or that the land purchased by Hart does not lie in that county, nor does it state that the land was sold under decree of any Court. Whilst the bill show's on its face a just cause of complaint, and his right to appeal to a Chancellor for redress ; there is no suggestion of any fact which would or ought to deprive the Fayette Circuit Court of jurisdiction.
In such case, it is well settled law, that the want of jurisdiction must be taken advantage of by plea, and that by answering the bill as to the merits without objecting to the jurisdiction, the defendants waive all exceptions for want of jurisdiction. The defendants who have answered the bill, do not in their answers, except to the bill for want of jurisdiction; but on the contrary, the defendant Boyle, the administrator, in his answer as copied in this record, states that he does not waive his demurrer, but waives all further right of exception to complainant’s bill.
The record of the Boyle Circuit Court is no where, by any of the parties, in bill or answer made an exhibit, nor is there any thing to show that it was read on the trial of this cause. It cannot of course, be now regarded as ■ a part of this record; but if it could be, nothing but the petition is copied, and the clerk does not certify that that is the whole of the record, but on the contrary strongly intimates in his second certificate that there is other portions of the proceedings not cop *343 ied by him. There is therefore, nothing in the pleadings or proof, from which it can be said that the Fayette, or Franklin Circuit Court, has no jurisdiction of the case]; nor is the objection that Bryan Y. Owsley, is not a party, available. He is not stated to have any interest. The fund belongs to the heirs, and if Bryan Y., instead of Erasmus, was one of the former commissioners to whom Hart’s bond was executed, he is a mei’e trustee in connection with others, without interest. The defendants do not aver that he is yet alive and in a condition to be made defendant. If he be dead it would not be insisted by the counsel in this cause that his representative is a necessaiy party to this suit.
Upon decreeing against infants, day should be given to show cause against the decree on arrivg ing at full age.
Reed, Boyle Anderson for plaintiffs; Harlan fox' defendant.
We do not see any thing available in any of the errors assigxxed, except the 7th, which is, that “the Coui’t eri’ed in not giving day to the infants, after they had arrived at full age, to contest the claim set up by complainant.” That error is well assigned. No day is given in the deci-ee to the infants, as ought to have been done, accoi'ding to the settled doctrine on that subject, and in that particular the deci’ee is erroneous, and is therefore reversed and remanded to the Cii’cuit Court, with dii’ections to amend the decree so as to give to the infant defendants, say twelve month’s time, after their arrival at full age, to show cause if any they can, against the decree.